UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHARON-SHAWN A. BELL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 24-30159-MGM |
| HAMPDEN COUNTY DISTRICT ATTORNEY, et al., | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

May 7, 2025

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Sharon-Shawn A. Bell, who is representing herself in this action, has filed a complaint against the Hampden County District Attorney's Office and District Attorney Anthony Gulluni, a motion for leave to proceed *in forma pauperis*, and a motion for leave to file electronically. (Dkt. Nos. 1-3). For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis* and DISMISS this action. The court will also deny the motion for electronic filing as moot.

## II. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Bell's motion for leave to proceed *in forma pauperis*, the court GRANTS the same.

## II. REVIEW OF THE COMPLAINT

Because Bell is proceeding *in forma pauperis*, the court must conduct a preliminary screening of her complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the court must review the pleadings of a litigant proceeding *in forma pauperis* and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a party that is immune to such relief. In conducting this review, the court liberally construes Bell's complaint because she is proceeding *pro se. See Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015 (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that the "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

In evaluating the sufficiency of the complaint, the court only considers "well-pleaded" factual allegations. In other words, factual allegations that consist merely of "labels and conclusions" are not credited. *Twombly*, 550 U.S. 544, 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Further, the well-pleaded facts, accepted as true, must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

Bell's complaint fails to state a claim upon which relief. As a threshold matter, her pleading does not contain a "a short and plain statement of [her] claim." Fed. R. Civ. P. 8(a)(2). However, the court can garner from the complaint that Bell seeks to hold the defendants liable for "years" of malicious prosecutions, criminal proceedings against her in the Springfield District Court, and the enforcement of the state court's allegedly unlawful orders. Compl. at 4. It also appears that Bell seeks to hold the defendants liable for the indirect injuries she suffered because of the defendants' alleged misconduct, such as loss of housing, inability to access medical care, loss of personal belongings, and the loss of Medicare and Social Security benefits. *Id.* Bell seeks a wide range of damages, including a $10.85 million residence in Boston, designer clothing that had been in her storage unit, $100,000 for dental care, and payment of her student loans. *Id.* at 4-5.

Bell has failed to state a claim upon which relief may be granted against District Attorney Gulluni because of his immunity as a prosecutor. Prosecutors are entitled to absolute immunity for claims arising out of conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Prosecutorial conduct protected by absolute immunity includes the initiation of a prosecution, the presentation of the State's case, and even the knowing use of false testimony at trial. *See Reichle v. Howards*, 566 U.S. 658, 668 (2012); *Imbler*, 424 U.S. at 430-31. A prosecutor's alleged failure

3

to properly investigate before initiating a prosecution is also conduct within the scope of absolute immunity. *See Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003). Here, Bell does not allege facts from which the court may reasonably infer that District Attorney Gulluni engaged in any alleged misconduct for which he would not have prosecutorial immunity.

Bell's claim against the Hampden County District Attorney's Office, which is an arm of the Commonwealth of Massachusetts also fails to state a claim for relief. Under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies, and officials acting in their official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity. *See Virginia Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).[1] ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."); *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against Massachusetts trial court on the ground of Eleventh Amendment immunity). Here, Bell has not stated any claim for which the Congress has abrogated, or the Commonwealth has waived, its immunity.[2]

### IV. Conclusion

For the foregoing reasons, the court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. This action is DISMISSED without prejudice.

3. The motion for leave to file electronically is denied as moot.

---

[1] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact." *Va. Off. For Prot.*, 563. U.S. at 253.

[2] The court notes that any claim against the Commonwealth under 42 U.S.C. § 1983—in federal or in state court—fails as a matter of law because states are not subject to suit under this statute in state or federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

It is So Ordered.

                                                             */s/ Mark G. Mastroianni*
                                                             MARK G. MASTROIANNI
                                                            United States District Judge